UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THE STATE OF TEXAS and KEN PAXTON, in his official capacity at Attorney General of Texas,<br>    *Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; KRISTEN CLARKE, in her official capacity as Assistant Attorney General for the Civil Rights Division; XOCHITL HINOJOSA, in her official capacity as Director of the Office of Public Affairs of the Department of Justice; DEPARTMENT OF JUSTICE; ROB SHIVER, in his official capacity as Acting Director of the Office of Personnel Management, and OFFICE OF PERSONNEL MANAGEMENT,<br>    *Defendants*. | CIVIL ACTION No. 2:24-CV-237 |

**COMPLAINT FOR A TEMPORARY RESTRAINING ORDER, DECLARATORY AND INJUNCTIVE RELIEF**

1. On Friday, November 1, 2024, four days before the 2024 election, the Office of Public Affairs of the Department of Justice published a web page stating, "The Justice Department announced today [November 1, 2024] that it plans to monitor compliance with federal voting rights laws in 86 jurisdictions in 27 states for the Nov. 5 general election," including eight Texas counties.[1]

2. The webpage lists no federal authority for this "monitoring" because there is none.

3. Texas law alone determines who can monitor voting in Texas.

---

[1] https://www.justice.gov/opa/pr/justice-department-monitor-polls-27-states-compliance-federal-voting-rights-laws

4. Under Texas law, the list of persons who may be present in voting locations or central counting stations does not include federal authorities.

5. Thus, federal authorities may not be present in voting locations or central counting stations in Texas on Election Day.

6. Plaintiffs therefore ask the Court to temporarily restrain federal authorities from monitoring voting locations or central counting stations in Texas in the 2024 election.

7. Plaintiffs also seek a declaration that federal authorities may not monitor voting locations or central counting stations in Texas.

8. Plaintiffs also seek a permanent injunction against federal monitoring of elections in Texas.

## I.    PARTIES

9. Plaintiff the State of Texas is a sovereign state of the United States.

10. Plaintiff Ken Paxton is the Attorney General of Texas. He is the chief legal officer of the State of Texas and has the authority to represent Texas in civil litigation. *Perry v. Del Rio*, 67 S.W.3d 85, 92 (Tex. 2001). Paxton sues in his official capacity.

11. Defendant Merrick Garland is Attorney General of the United States. He is sued in his official capacity.

12. Defendant Kristen Clarke is Assistant Attorney General for the Civil Rights Division of the Department of Justice. She is sued in her official capacity.

13. Defendant Xochitl Hinojosa is Director of the Office of Public Affairs of the Department of Justice. She is sued in her official capacity.

14. Defendant the Department of Justice is an agency of the United States.

15. Defendant Rob Shiver is Acting Director of the Office of Personnel Management. He is sued in his official capacity.

16. The Office of Personnel Management is an agency of the United States.

## II.     JURISDICTION, STANDING, AND VENUE

17. This Court has jurisdiction pursuant to 5 U.S.C. §§ 702–703 and 28 U.S.C. §§ 1331, 1361, and 2201.

18. The Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 705–06, 28 U.S.C. §§ 1361 and 2201–02, the Constitution, and the Court's equitable powers.

19. Venue lies in this district under 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1) because the Defendants are agencies of the United States and officers of the United States in their official capacities; Plaintiff State of Texas resides in this judicial district; and a substantial part of the events or omissions giving rise to Texas's claims arose in this district. As per its November 1, 2024, announcement, DOJ intends to assign monitors to two election jurisdictions within this district: Dallas County and Palo Pinto County.

20. Plaintiffs have standing because DOJ's actions seek—without identifying any clear federal authority—to displace state elections laws, which limits who may lawfully be present in voting locations and in the central counting station while election activity is ongoing. *See* Tex. Elec. Code §§ 61.001(a), 127.008.

21. Texas has an Article III interest in its "power to create and enforce a legal code" without federal interference. *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 601 (1982). Texas also "indisputably has a compelling interest in preserving the integrity of its election process," which these provisions advance. *Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989).

22. Texas, as a sovereign entity, has an inherent right to enforce its own law. "[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers)).

23. A ruling in Texas's favor would redress these injuries.

## III.     BACKGROUND

24. Texas election law prohibits unauthorized bystanders from being present in a polling place "from the time the presiding judge arrives there on election day to make the preliminary arrangements until the precinct returns have been certified and the election records have been assembled for distribution following the election." Tex. Elec. Code § 61.001(a). While this statutory provision includes a lengthy list of exceptions to the prevailing rule, Department of Justice election monitors do not fall under any of those listed exceptions. A DOJ monitor is neither:

> (1)  an election judge or clerk;
> (2)  a watcher;
> (3)  the secretary of state;
> (4)  a staff member of the Elections Division of the Office of the Secretary of State performing an official duty in accordance with this code;
> (5)  an election official, a sheriff, or a staff member of an election official or sheriff delivering election supplies;
> (6)  a state inspector;
> (7)  a person admitted to vote;
> (8)  a child under 18 years of age who is accompanying a parent who has been admitted to vote;
> (9)  a person providing assistance to a voter under Section 61.032 or 64.032;
> (10)  a person accompanying a voter who has a disability;
> (11)  a special peace officer appointed by the presiding judge under Section 32.075;
> (12)  the county chair of a political party conducting a primary election, as authorized by Section 172.1113;
> (13)  a voting system technician, as authorized by Section 125.010;
> (14)  the county election officer, as defined by Section 31.091, as necessary to perform tasks related to the administration of the election; or
> (15)  a person whose presence has been authorized by the presiding judge in accordance with this code.

*Id.* § 61.001(a-1).

25. Likewise, Texas election law prohibits unauthorized bystanders from being present in a central counting station while ballots are being counted. Tex. Elec. Code § 127.008(a). A person may be lawfully present in a central counting station during the process of vote counting only if that person is:

4

    (1) a counting station manager, tabulation supervisor, assistant to the tabulation supervisor, presiding judge, or clerk;

    (2) a watcher;

    (3) a state inspector;

    (4) a voting system technician, as authorized by Section 125.010;

    (5) the county election officer, as defined by Section 31.091, as necessary to perform tasks related to the administration of the election; or

    (6) a person whose presence has been authorized by the counting station manager in accordance with this code.

*Id.* § 127.008(b)(1). Department of Justice monitors do not qualify for authorized access to central counting stations under any of these categories.

    26. Texas law allows "watchers" to be present in both polling locations and central counting stations during the relevant election-day and vote-counting periods. Tex. Elec. Code §§ 61.001(a-1)(2); 127.008(b)(1)(2). But far from creating a broad, catch-all exception under which DOJ monitors may slip into Texas polling stations and counting stations, "watcher" is a tightly defined and closely restricted legal category under Texas statute. A watcher must be appointed "on behalf of a candidate, a political party, or the proponents or opponents of a measure." *Id.* § 33.001. A watcher must be issued a certificate of appointment that is, *inter alia*, in writing, indicates the watcher's capacity, identifies the location to be watched, and includes an affidavit that the watcher will refrain from recording audio or images while engaged in monitoring activities. *Id.* § 33.006. Watchers are limited in both the number that may be appointed by the same authority and the number that may be simultaneously present in the same polling place if appointed by the same authority. *Id.* § 33.007. To be eligible to serve as a watcher, a person must have completed a training program developed and maintained by the Texas Secretary of State. *Id.* §§ 33.031; 33.008. Department of Justice monitors do not clear the threshold to qualify as Texas electoral watchers even under this non-exhaustive list of minimum statutory criteria.

    27. On November 1, 2024, just two business days before the election, DOJ issued press release number 24-1381 titled "Civil Rights Division Staff Available to Receive Nationwide Reports Throughout Election Day." Justice Department to Monitor Polls in 27 States for Compliance with

Federal Voting Rights Laws, Nov. 1, 2024, https://www.justice.gov/opa/pr/justice-department-monitor-polls-27-states-compliance-federal-voting-rights-laws (attached as Exhibit 1).

28. The press release announced that DOJ would dispatch "personnel from the Civil Rights Division, other department divisions, U.S. Attorney's Offices and federal observers from the Office of Personnel Management" to monitor the November 5, 2024, general election. *Id.*

29. The press release identified eight jurisdictions in Texas: Atascosa County, Texas; Bexar County, Texas; Dallas County, Texas; Frio County, Texas; Harris County, Texas; Hays County, Texas; Palo Pinto County, Texas; and Waller County, Texas.

30. No reasons were given for the choice of these jurisdictions.

31. The press release did not cite any specific authority for the actions identified in the press release. *See id.* The press release simply noted that DOJ has general authority to enforce certain federal laws, including the Voting Rights Act, the National Voter Registration Act, the Help America Vote Act, the Uniformed and Overseas Citizens Absentee Voting Act, the Civil Rights Act, and the Americans with Disabilities Act as well as "federal criminal statutes that prohibit voter intimidation and voter suppression based on race, color, national origin or religion." *Id.* The press release never states whether any of these laws in fact gives staff from the Department of Justice or the Office of Personnel Management authority to enter state polling locations in the arbitrary discretion of the Department of Justice in contravention of state law.

32. Neither the authority listed in the press release, nor any other authority, gives staff from the Department of Justice or the Office of Personnel Management authority to enter state polling locations in the arbitrary discretion of the Department of Justice in contravention of state law.

33. The presence of staff from the Department of Justice or the Office of Personnel Management at Texas polling places on Election Day violates Texas law.

34. No federal law preempts Texas law.

35. Texas Secretary of State Jane Nelson sent the Department of Justice a letter on November 1, 2024, explaining:

> Texas law is clear: Justice Department monitors are not permitted inside a polling place where ballots are being cast or at a central counting station where ballots are being counted. As to the polling place, Section 61.001 of the Texas Election Code identifies those persons who may be lawfully present on election day; federal inspectors are not included in the enumerated list, Tex. Elec. Code § 61.001(a-1). Nor are federal inspectors specified in the list of persons permitted in the central counting station while ballots are being counted. *See id*. § 127.008(b).

Attached as Exhibit 2.

## IV.   CLAIMS FOR RELIEF

### COUNT 1
### Violation of APA, 5 U.S.C. § 706(2)(A), (C)
### Agency Action Not in Accordance with Law and in Excess of Statutory Authority

36. All foregoing allegations are repeated and realleged as if fully set forth herein.

37. Under the APA, a court shall hold unlawful and set aside agency action when it is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" or is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 551(13), 701(b)(2), 706(2)(A), (C).

38. To determine if an agency has acted in excess of its authority, "[t]he question for a reviewing court is whether in doing so the agency has acted reasonably and thus has 'stayed within the bounds of its statutory authority.'" *Utility Air Regulatory Group v. E.P.A.* 573 U.S. 302, 315 (2014) (quoting *Arlington v. FCC*, 569 U.S. 290, 297 (2013)).

39. A court may not go searching for statutory authority that could grant an agency authority because courts "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) (internal quotation marks omitted).

40. Defendants have not identified any statutory authority under which any of the actions set to take place would be authorized, but rather has only identified a number of statutes that DOJ enforces. Defendants have not specifically cited any statute that gives them authority to be present in Texas polling places or control counting stations on Election Day.

41. The Office of Personnel Management has no arguable authority over Texas's elections. Staff from the Office of Personnel Management may not monitor Texas elections.

42. Defendants have not cited and cannot cite any law that preempts Texas law governing who may and may not be present at voting location and central count stations.

43. Staff from the Department of Justice and the Office of Personnel Management may not be present at voting locations and central count stations under Texas law.

44. Defendants' press release and actions described in the press release are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §§ 551(13), 701(b)(2), 706(2)(A), (C).

## V.   REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court:

a. Temporarily restrain federal authorities from monitoring voting in Texas in the 2024 election.

b. Temporarily restrain staff from the Department of Justice and the Office of Personnel Management from being present at voting locations and central count stations in the 2024 election.

c. Permanently enjoin staff from the Department of Justice and the Office of Personnel Management from being present at voting locations and central count stations in Texas.

d. Grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action; and

e. Grant Plaintiffs such other relief as the Court deems just and proper and as justice so requires.

<table>
<tr><td>

Date: November 4, 2024

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Legal Strategy

RYAN D WALTERS
Chief, Special Litigation Division

</td><td>

Respectfully submitted,

*/s/Ryan G. Kercher*
**RYAN G. KERCHER**
Deputy Chief, Special Litigation Division
Texas State Bar No. 24060998

**KATHLEEN T. HUNKER**
Special Counsel
Texas State Bar No. 24118415

**WILLIAM D. WASSDORF**
Assistant Attorney General
General Litigation Division
Texas State Bar No. 24103022

**MARK CSOROS**
Assistant Attorney General
Texas State Bar No. 24142814

OFFICE OF THE TEXAS ATTORNEY GENERAL
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
ryan.kercher@oag.texas.gov
kathleen.hunker@oag.texas.gov
will.wassdorf@oag.texas.gov

COUNSEL FOR PLAINTIFFS

</td></tr>
</table>

9