IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, *et al.*, <br><br> Defendants. | 2:24-CV-237-Z |

**ORDER**

Before the Court is Plaintiffs' Emergency Motion for a Temporary Restraining Order ("Motion") (ECF No. 2), filed November 4, 2024. Federal Rule of Civil Procedure Rule 65(b) governs the issuance of a temporary restraining order. A court may issue a temporary restraining order "without written or oral notice to the adverse party or its attorney" only when "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). Plaintiffs did not certify in writing any efforts it made to notify Defendants. *See* ECF Nos. 1, 2. Further, while Plaintiffs argue *why* a temporary restraining order is justified here, they fail to outline the reasons why notice should not be required. *Id.*

Mixing and matching paragraphs from the Department of Justice (DOJ) letter dated November 1, 2024 ("Letter"), Plaintiffs aver that Defendants have or will deploy federal "observers" in violation of the Voting Rights Act of 1965 ("VRA"), *Shelby County v. Holder*, 570 U.S. 529 (2013), and Texas Election Code Section 61.001(a). But when the Letter is read alongside the preceding DOJ guidance published in October 2024 ("Guidance"),[1] and weighed against binding Supreme Court and Fifth Circuit precedent "emphasiz[ing] that lower federal

---

[1] *Election Monitoring*, U.S. DEP'T JUST. (Oct. 2024), https://www.justice.gov/crt/media/1348571/dl?inline.

courts should ordinarily not alter election rules on the eve of an election,"[2] this Court discerns that Plaintiffs have not (yet) met their burden under Federal Rules of Civil Procedure 65(b)(1).

In summary, when combined, the DOJ Letter and Guidance reflect that Defendants will (1) "monitor" elections pursuant to VRA sections still in effect post-*Shelby*, but (2) only deploy federal "observers" where authorized by federal court order — specifically, the political subdivisions referenced in the Guidance: Dillingham Census Area, Wade Hapton/Kusilvak Census Area, Alaska; St. Landry Parish, Louisiana; Union County, New Jersey; Pawtucket, Rhode Island.

The Court may not issue a temporary restraining order without written certification that Plaintiffs attempted to notify Defendants. FED. R. CIV. P. 65(b)(1). Further, considering the public interest, the Court cannot issue a temporary restraining order without further clarification on the distinction between "monitoring" and "observing" on the eve of a consequential election.

Accordingly, the Court **ORDERS** Plaintiffs to notify Defendants. Upon service, the Court **ORDERS** Defendants to respond before **12:00 PM (CST) on November 5, 2024**, confirming that no "observers" under 52 U.S.C. Section 10305 will be present in Texas (1) polling locations or (2) election tabulation centers in violation of Texas Election Code Section 61.001(a) or the Voting Rights Act of 1965, as in effect following *Shelby County v. Holder*, 570 U.S. 529 (2013).

**SO ORDERED**.

November 5, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] *Mi Familia Vota v. Abbot*, 834 F. App'x 860, 863 (5th Cir. 2020) (quoting *Tex. All. For Retired Ams. v. Hughs*, 976 F.3d 564, 565–66 (5th Cir. 2020) (per curiam)).